**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JEROME TATE, # R-31211, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-942-NJR |
| | ) | |
| LT. HARRIS, HARPER, | ) | |
| STAFFORD, B. LOY, | ) | |
| RUSSELL J. GOINS, | ) | |
| JEFFREY MOLENHOUR, | ) | |
| E. BARE, MARC HODGE, | ) | |
| and SHERRY BENTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Lawrence Correctional Center ("Lawrence"). Plaintiff is serving a 19-year sentence for second degree murder and a six-year sentence for aggravated battery. He alleges that certain Defendants filed false disciplinary charges against him in retaliation for (1) his refusal to give them information regarding a fight between other inmates and guards, and (2) a grievance he filed while he was being held in investigation status. Plaintiff was found guilty of those charges, and his punishment included a loss of six months of his good conduct credits.

In his complaint, Plaintiff claims that he was in line outside the dietary unit when a fight broke out inside the dining area on January 24, 2013 (Doc. 1, p. 9). Defendant Harris and other guards confronted four inmates who were fighting, sprayed them with pepper spray, subdued them, and took them to the Health Care Unit for treatment for the pepper spray. Those four

inmates were then taken to segregation.

Plaintiff maintains that he was not involved in the fight.  In fact, he asserts that he never entered the dietary unit either before or during the fight.  He came under suspicion, however, because prison staff said that another inmate who was involved in the fight ran out of the dietary unit and was not caught.  Defendant Harris targeted Plaintiff for investigation because he was affiliated with the same gang as one of the four inmates who were caught fighting.  After Defendant Harris questioned Plaintiff in the dietary unit, Plaintiff returned to his cell, but he was soon taken to investigative segregation.

On January 25, 2013, Defendants Harper and Stafford (of Internal Affairs) interviewed Plaintiff and threatened to take away his prison job, transfer him, and/or issue a disciplinary report if he did not give them information about the fight (Doc. 1, p. 10).  Plaintiff insisted he knew nothing about who was involved and did not see who was fighting.

On February 9, 2013, one of the four original inmates sent to segregation after the fight was released from segregation, and a different inmate was placed in investigative segregation. Impatient that he was still being held, Plaintiff filed a grievance on February 14 against Defendants Harper and Stafford for their conduct during his interview.

Plaintiff was charged on February 16, 2013, with several disciplinary infractions by Defendant Loy (Doc. 1, p. 11).  The disciplinary report falsely stated that Plaintiff had been pepper-sprayed during the fight, secured by staff, and taken for medical treatment for the pepper spray before being taken to segregation.  Plaintiff immediately wrote a five-page statement in his defense.  He provided that statement to the Adjustment Committee (consisting of Defendants Goins and Molenhour) at his hearing on February 19, 2013.  Nonetheless, the committee found him guilty based solely on the disciplinary report written by Defendant Loy.   Plaintiff's

punishment included revocation of six months of good conduct credits, a disciplinary transfer, six months in segregation, and several other sanctions (Doc. 1, p. 23). Defendant Hodge (warden) approved these measures.

Plaintiff filed a grievance, arguing that the disciplinary hearing did not satisfy minimum due process requirements, because the committee did not consider security camera footage that would have exonerated him. Likewise, the committee did not interview witnesses present during the incident (Doc. 1, p. 12). Defendant Bare denied the grievance. After Plaintiff appealed, however, the Adjustment Committee was required to correct its report to reflect that confidential sources were not used and to "better substantiate" two of the charges (Doc. 1, p. 30). After this was done, Plaintiff's grievance was denied by Defendant Benton. During the pendency of his grievance and appeals, Plaintiff was transferred to Menard Correctional Center.

Plaintiff now seeks compensatory and punitive damages against all Defendants. He claims that Defendants Harris, Harper, Stafford, and Loy all knew that the disciplinary report was false, yet they brought charges against him in retaliation for his "protected speech" during interviews and the grievance he filed after being threatened in the interview (Doc. 1, pp. 14-15). He also raises a Fourteenth Amendment due process claim.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in the complaint, the Court concludes that this action is subject to summary dismissal. Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The due process and retaliation claims both involve a challenge to a disciplinary sanction that affected the length of Plaintiff's confinement (the loss of good conduct credits), as well as the conditions of that confinement (segregation and loss of privileges).  As such, the Court must determine whether Plaintiff may maintain this claim in the context of a civil rights action, or whether it must instead be brought in a habeas petition.

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

*Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (citation omitted).

This case is just such a hybrid case.  Plaintiff is seeking relief in the form of damages, which is unavailable in a habeas proceeding.  Even though he wisely did not request restoration of his good conduct credits in this particular action (because such relief may not be granted in the context of a § 1983 case), an award of damages based on the claim that Plaintiff was unconstitutionally subjected to disciplinary action would necessarily call into question the validity of the loss of good time, since all sanctions were imposed as a result of the same disciplinary charges.  A due process claim must be dismissed if "the principal procedural defect would, if established, necessarily imply the invalidity of the deprivation of [the] good-time credits."  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).  This is precisely the situation with Plaintiff's due process claim.

Plaintiff's claim that the disciplinary charges were brought against him in retaliation for protected activity fares no better.  In essence, Plaintiff is claiming that the charges had no factual basis and were completely fabricated in order to retaliate against him for his grievance and refusal to provide information to investigators.   But his complaint makes clear that the

disciplinary convictions did have some factual basis – the Adjustment Committee relied on the disciplinary report authored by Defendant Loy.  Plaintiff may dispute the credibility of that report, but it nonetheless meets the minimal due process requirement that the findings of the disciplinary tribunal must be supported by "some evidence" in the record.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.  Even a meager amount of supporting evidence is sufficient to satisfy this inquiry.  *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

A finding in favor of Plaintiff on his claim of retaliation would necessarily imply that the disciplinary ticket and subsequent punishment originated out of improper motives and were thus invalid.  Such a finding would, implicitly, invalidate his disciplinary ticket and his punishment of loss of good time credits, even though his complaint does not specifically seek such relief.  Nonetheless, the claim that the disciplinary charges were brought purely in retaliation becomes an attack on the integrity of the disciplinary "conviction" – which is exactly the type of claim that runs afoul of the *Heck* bar.  Such a claim for damages cannot be brought unless the disciplinary action is first overturned on collateral review.  *See Wheeler v. Merchant*, Case No. 09-cv-114, 2012 WL 1435376, at *7 (S.D. Ill. April 25, 2012); *Dorn v. Delong*, Case No. 02-cv-1348, 2006 WL 542935, at *3 (C.D. Ill. March 3, 2006) (Plaintiff's claim that Defendants wrote a false disciplinary ticket fell under the *Heck* rule as Plaintiff's claims implied the invalidity of the punishment he imposed even if he did not seek restoration of his good time credits); *Olive v. Wright*, Case No. 07-cv-1031, 2007 WL 1832106, at *1 (C.D. Ill. June 25, 2007) (Plaintiff's claim that Defendants issued false disciplinary ticket in retaliation could not proceed because

deciding the claim would require the Court to determine whether his disciplinary ticket was "invalid and based on improper motivation."); *West v. Shah*, Case No. 11-cv-3271, 2011 WL 3924164, at *3 (C.D. Ill. September 7, 2011) (Plaintiff's claim regarding false disciplinary ticket could not stand because it implies his good time credit should be restored).

The Supreme Court stated in *Heck*:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original).  "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Id.* at 489.

In applying the principle of *Heck*, "the ruling in a prison disciplinary proceeding is a conviction.  *Edwards v. Balisok*, 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008)."  *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011).  Therefore, Plaintiff cannot maintain a civil rights suit seeking damages related to his punishment where a judgment in his favor would 'necessarily imply' that the disciplinary action had been invalid.  He may only

proceed with a § 1983 claim after his disciplinary decision has first been reversed or otherwise invalidated.  *See Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006) (*Heck* and *Edwards* held "that a prisoner whose grievance implies the invalidity of ongoing custody must seek review by collateral attack).  Nothing in the complaint indicates that Plaintiff has obtained any ruling invalidating the disciplinary action; to the contrary, his grievance over the discipline was denied.  This civil rights case must be dismissed pursuant to the rule in *Heck*, for failure to state a claim upon which relief may be granted.  *See Moore*, 652 F.3d at 723; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff may be able to challenge the disciplinary action in a federal habeas corpus case, but only after he has first presented all of his claims to the Illinois courts, including appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court.  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See* 735 ILL. COMP. STAT. 5/14-101 *et seq*.; *Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).  Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.  If Plaintiff is successful in challenging the disciplinary action that resulted in the loss of good conduct time, he may then re-file his civil rights claim.

## Disposition

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  All pending motions are **DENIED AS MOOT.** The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes"

under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: September 19, 2014**

Digitally signed by
Nancy J
Rosenstengel

_____

NANCY J. ROSENSTENGEL
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).